UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DESIGN BASICS, LLC,

      Plaintiff,

vs.                                          Case No: 2:13-cv-560

CAMPBELLSPORT BUILDING SUPPLY, INC.,
BERLIN BUILDING SUPPLY, INC.,
KIEL BUILDING SUPPLY, INC.,
DREXEL, INC.,
DREXEL BUILDING SUPPLY, INC.,
JOEL M. FLEISCHMAN, a/k/a
JOEL C. FLEISCHMAN, and
ALBERT J. FLEISCHMAN,

      Defendants.

---

### *PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT*

---

NOW COMES the Plaintiff, Design Basics, LLC, by its attorneys, Dana A. LeJune and Michael T. Hopkins, and as and for a cause of action against the Defendants, Campbellsport Building Supply, Inc.; Berlin Building Supply, Inc.; Kiel Building Supply, Inc.; Drexel, Inc.; Drexel Building Supply, Inc.; Joel M. Fleischman, a/k/a Joel C. Fleischman; and Albert J. Fleischman (collectively, "Defendants"), alleges and shows to the Court as follows:

**Jurisdiction and Venue**

1.    The Court has subject matter jurisdiction in this action pursuant to 28 USC § 1331 and § 1338(a), as this case arises under the U.S. Copyright Act.

2.    Venue is proper in this Court pursuant to 28 USC § 1400(a), as the Defendants reside and/or maintain a principal place of business in this District.

## Parties

3. Design Basics LLC ("DB," or "Plaintiff") is a Nebraska limited liability company engaged in the business of creating, publishing and licensing architectural plans and designs, with its principal office located in Omaha, Nebraska.

4. The Defendant, Campbellsport Building Supply, Inc. ("Campbellsport") is a Wisconsin corporation with its principal office located in Campbellsport, Wisconsin, and having as its principal corporate activity the operation of a lumber yard/building center.

5. The Defendant, Berlin Building Supply, Inc. ("Berlin") is a Wisconsin corporation with its principal office located in Berlin, Wisconsin, and having as its principal corporate activity the operation of a lumber yard/building center.

6. The Defendant, Kiel Building Supply, Inc. ("Kiel") is a Wisconsin corporation with its principal office located in Kiel, Wisconsin, and having as its principal corporate activity the operation of a lumber yard/building center.

7. The Defendant, Drexel, Inc. ("Drexel") is a Wisconsin corporation with its principal office located in Campbellsport, Wisconsin, and having as its principal corporate activity the operation of a lumber yard/building center.

8. The Defendant, Drexel Building Supply, Inc. ("DBS") is a Wisconsin corporation with its principal office located in Campbellsport, Wisconsin, and having as its principal corporate activity the operation of a lumber yard/building center.

9. The Defendant, Joel M. Fleischman a/k/a Joel C. Fleischman ("Joel"), is an adult individual residing, upon information and belief, in Kewaskum, Wisconsin, who is employed as a principal officer of the corporate Defendants.

10. The Defendant, Albert J. Fleischman ("Albert"), is an adult individual residing, upon information and belief, in Campbellsport, Wisconsin, who, at all times herein material is/was employed as a principal officer of the corporate Defendants.

## Facts

11. DB is the sole original author and owner of a large number of architectural works, three of which are entitled "Ambrose," "Manning," and "Morgan."

12. DB registered its copyright in the work entitled "Ambrose" with the United States Copyright Office on September 3, 1992 and was provided Registration Number VA524308 therefore.

13. DB registered its copyright in the work entitled "Manning" with the United States Copyright Office on December 1, 1990 and February 28, 1995 (roof construction package) and was provided Registration Numbers VA434198 and VA726366, respectively therefore.

14. DB registered its copyright in the work entitled "Morgan" with the United States Copyright Office on September 9, 1993 and was provided Registration Numbers VA668053 and VA668054 therefore.

15. On May 19, 2010, DB first became aware that Campbellsport Building Supply had violated its copyrights in one or more distinct ways. On that date, in the course of marketing its works to previous customers, DB saw an infringement of its Ambrose plan on the website of Signature Homes, a Wisconsin home builder, which plan Signature Homes referred to as the "Allister." The house plans for the Allister on Signature Home's website contained the notation *"Plans copyrighted by: Campbellsport Building Supply."*

16. The Defendants, Campbellsport, and/or Berlin, and/or Kiel, and/or Drexel, and/or DBS have infringed DB's copyright-protected plans entitled "Morgan," "Ambrose," and/or "Manning" on one or more occasions by, *inter alia*, creating one or more derivative works from said plans for one or more of their customers.

17. The illicit acts of the Defendants, described in paragraphs 11 through 16, *supra*, were done without permission or license from DB, in violation of DB's exclusive copyrights in said works.

18. The Defendants have regularly and systematically infringed DB's copyrights and those of other designers and architects in original architectural works, and have induced others, including individual homeowners, contractors and other entities and individuals engaged in the business of home building to infringe DB's copyrights in its original architectural works, to the profit of said Defendants, contractors and other home builders, and to DB's detriment.

19. Each Defendant, jointly and severally, is liable to DB as a contributory copyright infringer for the infringing activity of each and every individual and entity who constructed a residence based upon plans prepared by the Defendants which infringed DB's copyright protected architectural works.

20. Upon information and belief, the Defendants have infringed the copyrights in other original architectural works of DB, the scope and breadth of which infringing activities will be ascertained during the course of discovery.

21. The conduct of the corporate Defendants, described above, was performed and accomplished through the direction, control and conduct of the Defendants, Joel and/or Albert, personally and as owners, managers, principals and/or officers of the corporate Defendants. Joel and Albert had the ability to prevent the corporate Defendants from infringing DB' works and/or to stop the infringements once they began. Additionally, Joel and Albert received pecuniary benefit from the corporate Defendants' infringements. Accordingly, Joel and Albert are personally liable to DB as joint, vicarious, and/or contributory infringers.

**Causes of Action for Non-Willful Copyright Infringement**
**Count One**

22. DB re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 21, *supra*.

23. Defendants, without knowledge or intent, infringed DB's copyright in one or more of its works identified and described in paragraphs 11 through 14, *supra*, by scanning, copying, and/or reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

**Count Two**

24. DB re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 21, *supra*.

25. Defendants, without knowledge or intent, infringed DB's copyright in one or more of its works identified and described in paragraphs 11 through 14, *supra*, by publicly displaying, on their web site(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies and/or or derivatives thereof, in violation of 17 U.S.C. §106(5), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

### Count Three

26. DB re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 21, *supra*.

27. Defendants, without knowledge or intent, infringed DB's copyrights in one or more of its works identified and described in paragraphs 11 through 14, *supra*, by creating derivatives there from, in violation of 17 U.S.C. §106(2), and on information and belief, have done so with others of its works which are as yet undiscovered.

### Count Four

28. DB re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 21, *supra*.

29. Defendants, without knowledge or intent, infringed DB's copyright in one or more of its works identified and described in paragraphs 11 through 14, *supra*, by inducing others to build one or more houses based upon copies or derivatives of said works, in violation of 17 U.S.C. §106(1), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

### Alternative Causes of Action for Willful Copyright Infringement
### Count Five

30. DB re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 21, *supra*.

31. Alternatively, Defendants willfully infringed DB's copyright in one or more of its works identified and described in paragraphs 11 through 14, *supra*, by scanning, copying, and/or reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1) ), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

### Count Six

32. DB re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 21, *supra*.

33. Alternatively, Defendants willfully infringed DB's copyright in one or more of its works identified and described in paragraphs 11 through 14, *supra*, by publicly displaying, on their web site(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies or derivatives thereof, in violation of 17 U.S.C. §106(5), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

### Count Seven

34. DB re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 21, *supra*.

35. Alternatively, Defendants willfully infringed DB's copyright in one or more of its works identified and described in paragraphs 11 through 14, *supra*, by creating derivatives there from in violation of 17 U.S.C. §106(2), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

### Count Eight

36. DB re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 21, *supra*.

37. Alternatively, Defendants willfully infringed DB's copyright in one or more of its works identified and described in paragraphs 11 through 14, *supra*, by inducing others to build one or more houses based upon copies or derivatives of said works, in violation of 17 U.S.C. §106(1), and on information and belief, have done so with others of DB's works.

## Violations of DMCA, 17 U.S.C. §1202
## Count Nine

38. DB re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 37, *supra*.

39. Additionally and alternatively, Defendants violated §1202, *et seq*. of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §1202.

40. In creating the construction drawings identified above, said Defendants intentionally removed, and omitted DB's copyright management information from copies of its works.

41. Said Defendants thereafter distributed copies or derivatives of such works knowing that such copyright management information had been removed or omitted without proper authorization.

42. At the time said Defendants removed DB's copyright management information from copies of its works, and at the time they distributed copies of the works from which the copyright management information had been removed or omitted, said Defendants knew or had reasonable grounds to know that such behavior would induce, enable, facilitate, or conceal the infringement of DB's copyrights.

43. DB is entitled and seek to recover from Defendants statutory damages not exceeding $25,000 for *each* act committed in violation of its rights under 17 U.S.C. §1202.

44. Pursuant to 17 U.S.C. §1203(b)(5), DB is entitled and seek to recover its reasonable attorney's fees.

WHEREFORE, the Plaintiff, Design Basics, LLC demands that judgment be entered in its favor and against the Defendants, jointly and severally, as follows:

a). For an accounting by Defendants of their activities in connection with their infringements of DB's copyrights in and to the above-described works, as well as of the gross profits and revenue attributable to their infringement(s);

b). For DB's actual damages, in an amount to be determined at trial;

c). For Defendants' direct and indirect profits attributable to their infringements, including but not limited to those direct and indirect profits derived from the construction, advertising, promotion, marketing, and sale of infringing structures, and all direct and indirect profits derived from the sale of lumber and building materials attributable to the infringing structures, in an amount to be determined at trial;

d). For the direct and indirect profits of all individuals and entities which Defendants induced to build infringing residences based upon the creation of derivatives by Defendants of DB's copyright protected works.

e). In the alternative and at DB's option, post verdict, DB seeks an award of statutory damages in lieu of actual damages for the infringement of any one or more of its works, described above, in an amount to be determined at trial;

f). An award of statutory damages for each and every violation by Defendants of the DMCA, 17 U.S.C. §1202, *et seq*.;

g). DB's actual attorney fees, court costs, taxable costs, and the cost associated with the retention, preparation and testimony of expert witnesses;

h). For both temporary and permanent injunctions barring Defendants, their agents, employees and/or servants, from infringing DB's copyrights in any manner whatsoever, including the advertising, marketing, construction, and sale of infringing structures, and further barring said Defendants from publishing through any visual media, and from selling, marketing or otherwise distributing copies of DB's plans and/or derivatives thereof;

i). An order requiring Defendants to produce, for impounding during the pendency of this action and for destruction thereafter, all house plans and elevations which infringe DB's copyrights, including all photographs, blueprints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all machines and devices by which such infringing copies may be reproduced, viewed or disseminated, which are in the possession of, or under the direct or indirect control of the Defendants;

j). An order permanently enjoining the current owners of all infringing structures sold by Defendants from leasing, renting, selling and/or otherwise placing into the stream of commerce the infringing structures, based upon the application of the first sale doctrine; and

k). For such other relief as the Court determines to be just and equitable.

**PLAINTIFF HEREBY DEMAND A TRIAL BY JURY**

Dated this 16th day of May, 2013.

HOPKINS McCARTHY LLC

By: *s/Michael T. Hopkins*
Michael T. Hopkins
SBN: 1014792
email: mth@hmclaw.com
757 N. Broadway, Suite 201
Milwaukee, WI 53202
Tel/Fax: 866-735-0515

and

10

LEJUNE LAW FIRM

By: *s/Dana A. LeJune*
Dana A. LeJune
Texas Bar No.: 12188250
email: dlejune@triallawyers.net
6525 Washington Avenue
Suite 300
Houston, Texas 77007
713/942.9898 Telephone
713/942.9899 Facsimile

Counsel for Plaintiff