UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**DESIGN BASICS, LLC,,**

        Plaintiff/Counterclaim Defendant,

    v.                                        **Case No. 13-C-0560**

**CAMPBELLSPORT BUILDING SUPPLY INC.,**
**BERLIN BUILDING SUPPLY INC.,**
**KIEL BUILDING SUPPLY INC.,**
**DREXEL INC.,**
**DREXEL BUILDING SUPPLY INC.**
**JOEL M. FLEISCHMAN**
*also known as* **JOEL C. FLEISCHMAN,**
**and ALBERT J. FLEISCHMAN,**

        Defendants,
and

**WILSON MUTUAL INSURANCE COMPANY,**

        Intervenor Defendant/Counterclaimant.

## DECISION AND ORDER

This action alleging that the Defendants committed copyright violations of Plaintiff Design Basics, LLC ("Design Basics") copyrighted architectural works is before the Court on the motion of Design Basics to strike the Defendants' objections to discovery and to compel discovery. (ECF No. 27.) The motion, filed as a single document with the supporting brief, does not cite any federal rule of civil procedure relative to the relief that is sought, which is contrary to Civil Local Rule 7(a) (E.D. Wis.).

Regardless of the omission, at a minimum, the motion invokes Federal Rule of Civil Procedure 37(a)(1) and Civ. L.R. 37. Both rules require any motion be accompanied by a statement certifying that Design Basics met and conferred with the Defendants in a "good faith" effort to resolve the discovery dispute. The meet and confer requirements were piloted in local rules (*see* Rule 37, Advisory Comm. Note 1993 Amend.), and were added to Rule 37(a) because they were successful. Although not explicitly stated by the Advisory Committee Note, inferentially the success is the informal resolution of discovery disputes and a reduction of the filing of unnecessary discovery motions.

Not all pre-filing meet and confer statements are sufficient. In considering whether pre-filing "meet and confer" requirements have been satisfied, courts in this district have considered the tone and content of communications. *See Carlson v. City of Delafield,* No. 08-C-751, 2010 WL 1641915, at *2 (E.D. Wis. Apr. 21, 2010).

The motion contains the following certification:

> Plaintiffs' Counsel, Dana LeJune, certifies that on December 9, 2013, he sent a letter to defense counsel detailing why Defendants' responses to discovery and disclosures were deficient (Exhibit 1). Thereinafter on December 11, 2013, Attorney Michael Hopkins had a telephone conference with Attorney Buttchen to discuss Mr. LeJune's letter and Defendants' discovery responses. Mr. Hopkins confirmed the substance of this discussion with Attorney Buttchen via an email, which was responded to, in part, by Attorney Buttchen (See email string, Exhibit 2). In this email correspondence Defendants agreed to produce all available emails (in native format) and allow mirroring of the hard drives of

computers used by defendants' in-house draftsmen. A dispute exists as to whether Defendants have agreed to produce digital copies of the house plans located in Defendants' cloud storage service.

Soon after Defendants were told that this motion was being drafted, on December 13, 2013, they supplemented their initial discovery responses. In summary, although some additional materials have been provided, Defendants still have not answered all the interrogatories, and still have not produced any emails (archived or otherwise), and still resist production of their collection of house plans numbering in the thousands. Additionally, they continue to resist the mirroring of the hard drives on their computers, servers and storage devices.

\* \* \* \*

### CERTIFICATE OF CONFERENCE

I hereby certify that on December 13, 2013 at 4:22 pm, counsel for Plaintiff conferred with opposing counsel on this matter, and that multiple email and telephone communications have been engaged in this endeavor.

*s/Dana A. LeJune*
Dana A. LeJune

(Pl.'s Mot. & Br. Strike & Compel, 1-2, 17.)

Neither the tone nor the content of the foregoing statement and/or the supporting exhibits disclose that Design Basics met and conferred with the Defendants in a "good faith" effort to resolve the discovery dispute. Design Basics' statement discloses that, despite the Defendants' responsiveness, Design Basics was didactic and unwilling to work with them to resolve the discovery disputes, instead filing its motion to compel all outstanding answers and/or materials requested by its interrogatories and requests for production. Design Basics' contact with the

Defendants does not reflect good faith on its part. The Court would have a sound basis to deny the motion outright.

The filings before the Court establish that the Defendants' responses were not complete as of December 9, 2013. However, they began to supplement their responses. The Defendants provided Design Basics with their first supplemental response on December 13, 2013.

Instead of engaging in good faith negotiations to obtain the additional outstanding materials from the Defendants, Design Basics filed its motion to strike and compel on December 17, 2013. The Defendants subsequently provided Design Basics with additional supplemental responses dated December 19, 2013. (Pl's Reply, Ex. E), January 7, 2014 (*Id*., Exs. F & G), January 17, 2014, (*Id.* Ex. H). (ECF Nos. 29-5, 30, 30-1, 30-2.) Additional information is also included in letter dated January 31, 2014, from the Defendants to Design Basics. (ECF Nos. 31, 31-1.)

The parties' filings have consumed about a ream of paper − 500 sheets. Having combed through the parties' filings, there is a clear dispute regarding the scope of the plans to be disclosed by the Defendants. That request is contained in Request No. 1 of the Plaintiff's First Request for Production of Documents which reads as follows:

> REQUEST 1. Your house plan "inventory" including but not limited to all genesis and template documents, in native format (such as CAD files, including but not limited to *.dwg, *.spd, *.dxf, *.cdc, *.plt, *.dgn, and/or *.dwf."). This request includes all house plans (and all

- 4 -

Case 2:13-cv-00560-RTR   Filed 02/20/14   Page 4 of 7   Document 36

> drafts, sketches, mockups, genesis and other precursor documents, including everything shown to each and every person who did plan modification and/or drafting for you and/ or any other Defendant) you have drawn or have had drawn, including those you and/or any other defendant helped to draw.

(Ex. F.) (ECF No. 30.)

The Defendants' second supplemental response is as follows:

> RESPONSE N0.1: Objection. This document request is overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to such objection, and without waiving the same, see Exhibit A, which has already been provided, and Exhibit I. All plans relevant to this suit have been provided to Plaintiff.

(*Id.*)

According to Rule 26 of the Federal Rules of Civil Procedure,

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

Design Basics' Complaint alleges that the Defendants, singularly or collectively, have infringed its copyright-protected plans entitled "Morgan," "Ambrose," and/or "Manning" on one or more occasions by, inter alia, creating one or

- 5 -

Case 2:13-cv-00560-RTR   Filed 02/20/14   Page 5 of 7   Document 36

more derivative works from said plans for one or more of their customers. (Compl. ¶ 16.) It further alleges that the Defendants "have regularly and systematically infringed [Design Basics'] copyrights and those of other designers and architects in original architectural works, and have induced others, including individual homeowners, contractors and other entities and individuals engaged in the business of home building to infringe [Design Basics'] copyrights in its original architectural works, to the profit of said Defendants, contractors and other home builders, and to [Design Basics'] detriment," and "[u]pon information and belief, the Defendants have infringed the copyrights in other original architectural works of [Design Basics], the scope and breadth of which infringing activities will be ascertained during the course of discovery." (*Id*. at ¶¶ 18, 20.)

In their opposing brief, the Defendants cite *DellaCasa, LLC v. John Moriarty & Associates of Florida, Inc.,* No. 07-21659-CIV, 2007 WL 4117261, at *2 (S.D. Fla. Nov. 16, 2007), a decision in an architectural copyright infringement action denying the plaintiff's motion to compel the defendant to produce all drawings and designs in its possession including those for Harbour House and Carillon projects. In denying the motion, the court relied on the fact that the plaintiff's causes of action involved three Trump Tower projects and did not relate to either the Harbour House or Carillon projects. *Id.* Furthermore, the court determined that the plaintiff had not established good cause to allow discovery under the broader subject matter standard. *Id*.

*DellaCasa* is distinguishable because the copyright infringement allegations of

the Complaint in this action are not limited to a specific plan or plans. Design Basics alleges that the Defendants have regularly and systemically infringed on its copyrighted plans and those of others. Given the breadth of the allegations in this action, the Defendants' contention that the request is not likely to lead to the discovery of admissible evidence lacks merit. Furthermore, the Defendants' conclusory and unsubstantiated claims that the request is overly broad and burdensome are insufficient to provide a basis for denying the request for relevant materials.

Therefore, request number one of Design Basics' request for production of documents is granted. In all other respects, the motion to compel is denied. Additionally, at this juncture, the Defendants' request for fees and costs is denied. *See* Fed. R. Civ. P. 37(a)(5)(C).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Design Basics' motion to strike the Defendants' objections to discovery and to compel discovery (ECF No. 27) is **GRANTED** as to Request No. 1 of its first request for production of documents and **DENIED** in all other respects**.**

Dated at Milwaukee, Wisconsin, this 19th day of February, 2014.

**BY THE COURT:**

*/s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**
