UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DESIGN BASICS, LLC,

        Plaintiff,

vs.                                              Case No: 2:13-cv-560

CAMPBELLSPORT BUILDING SUPPLY, INC.,
BERLIN BUILDING SUPPLY, INC.,
KIEL BUILDING SUPPLY, INC.,
DREXEL, INC.,
DREXEL BUILDING SUPPLY, INC.,
JOEL M. FLEISCHMAN, a/ka
JOEL C. FLEISCHMAN, and
ALBERT J. FLEISCHMAN,

        Defendants,

and

WILSON MUTUAL INSURANCE COMPANY,

        Intervening Defendant.

***PLAINTIFF'S RESPONSE TO WILSON MUTUAL INSURANCE COMPANY'S MOTION TO COMPEL DISCOVERY***

# I. INTRODUCTION

**A. Overview**

    Presumably in an effort to extricate itself from this ligation as quickly as possible, Wilson Mutual has served serial written discovery requests upon Plaintiff,[1] seeking basically the same information regarding the principal Defendants' infringement and advertising activities. In its responses, Plaintiff has each time produced all information and documents within its possession and control. Additionally, Plaintiff's discovery responses have mirrored the factual allegations

---

1 See docket entries (DE) 34-1; 34-4; and 34-5.

contained in its complaint. In other words, Plaintiff has produced the documents and information known to it at the time its complaint was filed, which fully support the allegations contained therein. In response to Wilson Mutual's continued discovery demands, Plaintiff has identified information and documents produced by Defendants pursuant to the limited discovery engaged in to date, which information was also available to Wilson.

Notwithstanding the foregoing, in bringing this motion Wilson Mutual has argued that Plaintiff has made allegations concerning Defendants' advertising activity which it cannot support, inferring at best that Plaintiff has over pleaded its case, and at worst that Plaintiff has made frivolous claims. Wilson Mutual has argued:

> …… the complaint alleges defendants advertised the infringing plans, but Design Basics now contends it needs defendants' discovery responses to prove this allegation. If plaintiff has no evidence to support its allegation that defendants advertised infringing plans, it should say so. This will allow Wilson Mutual to finalize its coverage position and permit the Court to decide the coverage issues.[2]

In advancing this position Wilson Mutual has neglected to review the allegations of Plaintiff's complaint, and has discussed certain of Plaintiff's discovery responses, while ignoring others.

**B. Procedural Background**

Plaintiff filed its complaint on May 16, 2013.[3] Five corporate entities and two of their principals were named as Defendants. No insurance carriers were joined.[4]

---

[2] Wilson Mutual's Brief, page 4 (DE 33, page 4 of 10).
[3] DE 1.
[4] *Id*.

On August 7, 2013, Wilson Mutual filed a motion to intervene, which was granted on September 17, 2013.[5] Plaintiff did not implead Wilson Mutual, nor has it brought any claims against it.[6]

As the Court is aware, the parties have engaged in written discovery. No depositions have been conducted to date.

**C. Plaintiff's Complaint - Factual Allegations**

Three paragraphs of Plaintiff's complaint contain allegations relating to Defendants' advertising activities:

    15. On May 19, 2010, DB first became aware that Campbellsport Building Supply had violated its copyrights in one or more distinct ways. On that date, in the course of marketing its works to previous customers, DB saw an infringement of its Ambrose plan on the website of Signature Homes, a Wisconsin home builder, which plan Signature Homes referred to as the "Allister." The house plans for the Allister on Signature Home's website contained the notation *"Plans copyrighted by: Campbellsport Building Supply."*

…………………………..

    25. Defendants, without knowledge or intent, infringed DB's copyright in one or more of its works identified and described in paragraphs 11 through 14, supra, by publicly displaying, on their web site(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies and/or or derivatives thereof, in violation of 17 U.S.C. §106(5), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

……………………………..

    33. Alternatively, Defendants willfully infringed DB's copyright in one or more of its works identified and described in paragraphs 11 through 14, supra, by publicly displaying, on their web site(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies or derivatives thereof, in violation of 17 U.S.C. §106(5), and on information and belief, have done so with others of DB's works which are as yet undiscovered.[7]

---

[5] DE 10, 17.
[6] DE 19.
[7] DE 1.

## II. ARGUMENT

### A. Wilson Mutual's Written Discovery and Plaintiff's Responses

In its First Requests for Production of Documents, Wilson Mutual asked Plaintiff to produce "all documents in support of your allegation that defendants publicly displayed copyrighted plans on their website or elsewhere for purposes of advertising or marketing."[8] In response Plaintiff stated:

> See documents labeled DB-CAMPBELLSPORT 0001-0006 [Note that DB-CAMPBELLSPORT 0001-0004 as found on Defendants' websites, were password-protected, and therefore, cannot be labeled or otherwise modified.] Discovery has only begun; Plaintiff will supplement.[9]

DB-Campbellsport 0005-0006 is a web capture of Signature Home's website, showing an elevation drawing of the Allister, and a link to the Allister plans. DB-Campbellsport 0001-0004 is a copy of the Allister construction plans (4 pages) downloaded from Signature Home's website.[10] This information fully informs the allegations contained in Plaintiff's complaint, referenced above.[11]

As Wilson Mutual continued to propound additional discovery requests on Plaintiff, the Defendants began producing records in response to discovery demands they had received. Included in one of Defendants' supplemental responses were digital copies of various websites used by the Defendants at certain times.[12] Defendants provided Wilson Mutual with copies of

---

[8] DE 34-2, page 3 of 5, Request 2.
[9] *Id*.
[10] These documents prove the allegations contained in paragraph 15 of Plaintiff's Complaint. A copy of DB-Campbellsport 0005-0006 is attached as Exhibit A. A copy of DB-Campbellsport 0001-0004 is attached as Exhibit B. As stated, Exhibit B is a copy of the Allister construction plans downloaded from Signature's website. [NOTE: Because these plans were password protected at their source, they may not be accepted for filing by the ECF server.]
[11] DE 1, paragraphs 15, 25, and 33.
[12] This production was designated Ex. I by Defendants, even though a prior Exhibit I had also been produced.

these websites contemporaneously. Attached hereto as Exhibit C is a copy of a web page capture from Defendants' Exhibit I, on which were posted copies of various house plans.

In its Second Requests for Production of Documents to Plaintiff, Wilson Mutual asked Plaintiff to produce "all documents that support your contention that any or all of the defendants have infringed on your copyrighted plans …. in their advertisements."[13] After already having responded to an almost identical request in Wilson Mutual's First Requests for Production, Plaintiff here responded:

> It has been established that Defendants posted assorted plans and architectural works on various of its websites over the years for advertisement purposes. (See specifically, Ex. I produced by Defendants in their discovery responses to Plaintiff; and Ex. 11 attached to Plaintiff's Motion to Compel (DE 27)). Because discovery is just beginning and Defendants have been less than forthcoming with their discovery responses to date (hence the necessity to file a Motion to Compel), Plaintiff has not been able to conclusively establish the chronological sequence of Defendants' internet postings of architectural works, or the identity of all of the works involved. Discovery is continuing and this response will be amended as appropriate.[14]

In Request 4 of its First Requests for Admissions to Plaintiff, Wilson Mutual posited the statement:

> Defendants did not advertise their architectural plans to existing or potential customers on the internet.[15]

Plaintiff denied this Request for Admission.[16] In answer to an interrogatory querying why this Admission Request was denied, Plaintiff again referenced Defendants' Exhibit I (a page capture from Campbellsport's (Defendants') website, a copy of which is attached hereto as Exhibit C).[17]

After having produced the information of which it was aware in response to the three separate sets of written discovery served by Wilson Mutual, Plaintiff was once again asked by

---

[13] DE 34-6, page 11 of 12.
[14] *Id*.
[15] DE 34-6, page 5 of 12.
[16] *Id*.
[17] DE 34-6, page 7 of 12.

the Intervening Defendant to supplement its responses. In a January 29, 2014 letter from counsel for Wilson Mutual to Plaintiff's counsel,[18] Wilson Mutual accused Plaintiff of being evasive and less than forthcoming in its prior discovery responses. Plaintiff responded in an email from Mr. LeJune to Mr. Graff, dated February 3, 2014, simply stating:

> Dear Mr. Graff:
>
> Please accept this email as a response to your letter dated January 29.
>
> DB has responded to this same request as best it knows how (three times). We've informed you of the one instance of advertising about which we are currently aware (the Signature Homes web site posting which was assume was with permission of Campbellsport), and we will supplement the responses when discovery is complete.
>
> We anticipate that personal counsel for Defendants will procure more instances of advertising as discovery proceeds.[19]

**B. Sufficiency of Responses**

Plaintiff is at a loss to understand what else it can do to respond, in good faith, to Wilson Mutual's discovery requests. Plaintiff did not sue Wilson Mutual, and has made no allegations of coverage against it.

In its complaint against the principal Defendants, Design Basics alleged that an infringing copy of one of its plans was posted on the website of Signature Homes. The posted plan contained a title block bearing the name of Campbellsport Building Supply, which also claimed to own the copyright in the design.[20] Plaintiff has also alleged that Defendants publicly displayed one or more infringing plans on their websites and elsewhere.[21] Again, in response to repeated discovery requests and in follow-up correspondence, Plaintiff has told Wilson Mutual it is only currently aware of one *infringing* posting - that being the posting on Signature Homes' website.

---

[18] Wilson Mutual has produced a copy of this correspondence. See DE 34-7.
[19] DE 34-8.
[20] Plaintiff's complaint, paragraph 15. DE 1, page 3 of 11.
[21] *Id.*, paragraphs 25 and 33.

In response to whether Plaintiff was aware of whether Defendants advertised home designs on their websites generally, Design Basics referred to the web information produced by Defendants,[22] which had been contemporaneously provided to Wilson Mutual.

In response to requests by Wilson Mutual, Plaintiff has produced that information which supports the allegations against the principal defendants contained in its complaint. Design Basics has also made Wilson Mutual aware of additional information produced by its own insureds. Plaintiff has fully and truthfully responded to all of Wilson Mutual's discovery requests.

### III. CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests that Wilson Mutual's Motion to Compel discovery be denied in its entirety.

Dated this 16th day of March, 2014.

                LEJUNE LAW FIRM

                By:    *s/Dana A. LeJune*
                        Dana A. LeJune
                        Texas Bar No.: 12188250
                        email: dlejune@triallawyers.net
                        6525 Washington Avenue, Suite 300
                        Houston, Texas 77007
                        713.942.9898 Telephone
                        713.942.9899 Facsimile
                            and

---

[22] See Exhibit C attached hereto, which was included in Exhibit I produced by defendants.

HOPKINS McCARTHY LLC

By: *s/Michael T. Hopkins*
Michael T. Hopkins
SBN: 1014792
email: mth@hmclaw.com
757 N. Broadway, Suite 201
Milwaukee, WI 53202
Tel/Fax: 866.735.0515
Counsel for Plaintiffs