**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**DESIGN BASICS, LLC,**

        Plaintiff/Counterclaim Defendant,

    v.                                                                   Case No. 13-C-0560

**CAMPBELLSPORT BUILDING SUPPLY INC.,
BERLIN BUILDING SUPPLY INC.,
KIEL BUILDING SUPPLY INC.,
DREXEL INC.,
DREXEL BUILDING SUPPLY INC.,
JOEL M. FLEISCHMAN,
JOEL C. FLEISCHMAN,
ALBERT J. FLEISCHMAN,**

        Defendants,

**WILSON MUTUAL INSURANCE COMPANY,**

        Intervening Defendant/Counterclaimant.

---

# DECISION AND ORDER

---

This action, alleging that the Defendants committed copyright violations of Plaintiff Design Basics, LLC's ("Design Basics") copyrighted architectural works, is before the Court on Intervening Defendant, Wilson Mutual Insurance Company's ("Wilson Mutual") motion to compel Design Basics' complete responses to written discovery (ECF No. 32), and the Defendants' motion to extend the time to respond to Wilson Mutual's motion for summary judgment (ECF No. 46).

After briefing on the two motions was completed, Design Basics filed an amended complaint. (ECF No. 52.) The amended complaint, timely filed prior to the

July 14, 2014, deadline established by the Court's scheduling order (ECF No. 21), contains several allegations of copyright infringement not included in the original complaint. The Court now addresses the pending motions.

## MOTION TO COMPEL DISCOVERY

Wilson Mutual seeks an order pursuant to Federal Rule of Civil Procedure 37 compelling Design Basics to file full and complete answers to Wilson Mutual's written discovery: Interrogatories, Requests for Production, and Requests for Admissions. (Wilson Mutual's Mot. Compel.) ( ECF No. 35.)

The motion invokes Federal Rule of Civil Procedure 37(a)(1) and Civ. L.R. 37. Both rules require that any motion be accompanied by a statement certifying that the parties met and conferred in a "good faith" effort to resolve the discovery dispute. In considering whether pre-filing "meet and confer" requirements have been satisfied, courts in this district have considered the tone and content of communications. *See Carlson v. City of Delafield*, No. 08-C-751, 2010 WL 1641915, at *2 (E.D. Wis. Apr. 21, 2010).

The brief in support of Wilson Mutual's motion contains the following certification:

> Ryan R. Graff, on behalf of Intervening Defendant, states that he is acquainted with the facts set forth in the foregoing Motion to Compel Plaintiff's Complete Responses to Intervening Defendant's Written Discovery; that said Motion is being made only after movant has, in good faith, conferred or attempted to confer with counsel for parties not making the disclosure and discovery in an effort to secure Plaintiff's

>  responses to interrogatories, Requests for Production and Request for Admissions without court action.
>
>  Dated this 20th day of February, 2014
>  s/*Ryan R. Graff*
>  Ryan R. Graff

( ECF No. 33-1.)

Despite this certification, the tone and the content of the supporting exhibits raise doubt as to the existence of "good faith" on the part of Wilson Mutual. Following Wilson Mutual's receipt of Design Basics' answers and responses to its first set of written interrogatories and request for production of documents, Wilson Mutual indicated in a December 2, 2013, letter that it was dissatisfied with those responses. (Graff Aff., Ex. C 1.) (ECF No. 34-3.) Wilson Mutual wrote, "[t]he allegations in your complaint have to have some factual or legal basis and I would appreciate you providing the factual basis for these allegations. If you do not, I will have to discuss filing a motion to compel with my client." (*Id*.) The immediate mention of filing a motion to compel reflects a tone of bad faith.

Wilson Mutual sent a second set of written interrogatories and request for production on December 9, 2013, and a first request for admissions and third set of written interrogatories and request for production on December 13, 2013. (Graff Aff., Exs. D, E.) (ECF Nos. 34-4, 34-5.) Design Basics filed its objections, answers, and responses on January 13, 2014. (Graff Aff., Ex. F.) (ECF No. 34-6.) The next day Wilson Mutual wrote a letter to Design Basics complaining about the discovery

responses, and stating "[l]ike prior discovery responses sent by Wilson Mutual [sic] to Design Basics [sic], these responses fall woefully short of what is required and I will simply add these responses to a motion to compel."[1] (Graff Aff., Ex. G, at 1.) (ECF No. 34-7.) Later in the letter, Wilson Mutual requested that "Design Basics supplement all the discovery propounded by Wilson Mutual and this time exercise good faith in fully and fairly answering the discovery. If you do not, I will file a motion to compel and seek costs." (*Id.*) Threats do not equate to meeting and conferring, and suggesting bad faith on the part of Design Basics implies the same about Wilson Mutual.

Despite the fact that satisfaction of the meet and confer requirement is legitimately in question, the Court will consider the motion. The Court begins by noting that Wilson Mutual argues Design Basics' response to the motion should be disregarded as untimely filed. (Wilson Mutual's Reply Supp. Mot. Compel 2.) (ECF No. 39.) However, after adding the three days allowed by Rule 6(d) of the Federal Rules of Civil Procedure and this District's ECF Rule II.B.3 to the time for response, the Court considers Design Basic's response to be timely filed.

The Court will first address Wilson Mutual's motion to compel. This motion was briefed prior to the filing of Design Basics' amended complaint and, because the filings suggest that Design Basics has done all it must in its responses to Wilson

---

[1] This sentence is obviously in error; Design Basics responded to Wilson Mutual, not the other way around.

Mutual's written discovery requests as they relate to the original complaint, lacks a strong basis. After significant back and forth between the two parties, it appears that Wilson Mutual refuses to be content with what it has received from Design Basics. The Court of Appeals for the Seventh Circuit accurately labeled pretrial discovery as "a fishing expedition and one can't know what one has caught until one fishes." *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 931 (7th Cir. 2004). However, a fisherman must at times be content with what has already been caught.

Wilson Mutual argues that "the complaint alleges defendants advertised the infringing plans, but Design Basics now contends it needs defendants' discovery responses to prove this allegation. If plaintiff has no evidence to support its allegation that defendants advertised infringing plans, it should say so." (Wilson Mutual's Mem. Supp. Mot. Compel 4.) (ECF No. 33.) Design Basics responded, "[i]n advancing this position Wilson Mutual has neglected to review the allegations of Plaintiff's complaint, and has discussed certain of Plaintiff's discovery responses, while ignoring others." (Pl.'s Resp. Wilson Mutual's Mot. Compel 2.) (ECF No. 37.) The Court agrees with this point.

In its original complaint Design Basics alleged that an infringing copy of one of its plans was posted on the website of Signature Homes. (Compl. ¶15.) (ECF No. 1.) The posted plan indicated that it had been copyrighted by Campbellsport Building Supply. (*Id*. at ¶5) Design Basics also alleged that the Defendants publicly displayed one or more infringing plans on their websites and elsewhere (*Id*.)

After Wilson Mutual received Design Basics' responses to its First Set of Interrogatories and Request for Production, Wilson Mutual wrote that Interrogatories 3, 4, 5 and 7, in particular, were inadequately responded to. (Graff Aff., Ex. C, at 1.) Interrogatory No. 3 and Design Basics' response read as follows:

> Interrogatory 3: State all facts in support of the allegation in your complaint that the defendants publicly displayed copyrighted plans on their websites or elsewhere for purposes of advertising or marketing.
>
> ANSWER: On information and belief, one or more of the defendants publicly displayed or otherwise "advertised" the accused works, but discovery has only begun. Plaintiff will supplement.

(Graff Aff., Ex. B, at 2.) (ECF No. 34-2.)

According to Rule 33 of the Federal Rules of Civil Procedure, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Design Basics' responses to Wilson Mutual's repeated interrogatories appear to satisfy Rule 33, despite Wilson Mutual's arguments to the contrary. Interrogatory No. 3, inserted above, is specifically included in Wilson Mutual's motion as an example of Design Basics' failure to adequately respond to an interrogatory. However, said response appears entirely satisfactory after an examination of Design Basics' responses to Wilson Mutual's Requests for Production.

> Wilson Mutual's Request No. 2 and Design Basic's response read as follows:
>
> Request No. 2: All documents in support of your allegation

> that defendants publicly displayed copyrighted plans on their websites or elsewhere for purposes of advertising or marketing.
>
> RESPONSE: See documents labeled DB-CAMBELLSPORT 0001-0006 [Note that DB-CAMBELLSPORT 0001-0004 as found on Defendants' websites, were password-protected, and therefore, cannot be labeled or otherwise modified.] Discovery has only begun; Plaintiff will supplement.

(Graff Aff., Ex. B., at 3.)

According to Rule 34 of the Federal Rules of Civil Procedure, the party to whom a request for production is directed "must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). Additionally, "in responding to interrogatories, a party may refer to records, as opposed to providing a narrative, if those records are clearly identified." *Cont'l Ins. Co. v. Chase Manhattan Mortg. Corp.*, 59 F. App'x 830, 837 (7th Cir. 2003). Design Basics has provided an adequate response to Wilson Mutual's requests for production by supplying the evidence it possessed to support its original allegation against the Defendants.

Wilson Mutual argues that Design Basics is withholding information and evidence, and is "still fishing for other evidence to support the allegations in its complaint." (Wilson Mutual's Mem. Supp. Mot. Compel 6.) However, with respect to the primary allegation put forth in its Complaint, Design Basics' responses to Wilson Mutual's interrogatories and requests for production have satisfied the requirements of the Federal Rules of Civil Procedure.

The Court next addresses the request for admissions dispute. Wilson Mutual's memorandum in support of its motion does little to advance the argument that Design Basics' answers to its request for admissions are insufficient. Rule 36 of the Federal Rules of Civil Procedure provides that:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. . . . *The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.*

Fed. R. Civ. P. 36(a)(4) (emphasis added).

Wilson Mutual argues that the following response by Design Basics to Request for Admissions Nos. 1-3 and 5-8 is insufficient:

> Plaintiff cannot admit or deny this request due to a lack of knowledge or information. During the course of discovery conducted to date, Plaintiff has made reasonable inquiry concerning this matter to Defendants, and the information provided to Plaintiff by Defendants or readily obtainable by Plaintiff is insufficient to enable Plaintiff to admit or deny this request. Plaintiff will amend this response as appropriate, as discovery continues.

(Graff Aff, Ex. F, at 3-6.) However, the response is sufficient, as explicitly provided by Rule 36, if Design Basics was unable to admit or deny a request.

Design Basics' Complaint alleges one known copyright infringement in advertising occurring on the Internet. Wilson Mutual's request for admission and the corresponding response regarding that allegation are as follows:

> REQUEST 4: Defendants did not advertise their architectural plans to existing or potential customers on the internet.
>
> RESPONSE: Deny

(*Id*. at 5.)

Design Basics then supported the denial in its response to Wilson Mutual's Third Set of Written Interrogatories:

> INTERROGATORY 1: For the request for admissions above that were answered with anything but an unqualified admission, please state all the facts in support of your qualified admission or denial of the same.
>
> RESPONSE 1: Plaintiff's responses to Admission Requests 1-3 and 5-8 speak for themselves. With regard to Plaintiff's response to Admission Request 4, see Exhibit I produced by Defendants in response to Plaintiff's written discovery requests.

(*Id*. at 6-7.)

Design Basics' response satisfies the requirements of Rule 36 by pointing to Exhibit I, which contains the home plan in question. This provides Design Basics' main support for the allegation in its original complaint.

In its original complaint, Design Basics made an allegation of one copyright infringement via the Internet by the Defendants, it did not back down from that allegation, it provided the evidence it possessed related to that allegation, and it awaited any further proof of copyright infringement as it continued to collect discovery from the Defendants. In response to repeated discovery requests, and in follow-up correspondence, Design Basics has told Wilson Mutual that it is only aware of one

infringing posting—the same one it alleged in its original complaint. (Pls. Resp. Wilson Mutual's Mot. Compel 6.)

Rather than accepting Design Basics' responses, Wilson Mutual continued to propound discovery requests, demanding answers and information that Design Basics did not appear to know or have. Design Basics responded to Wilson Mutual's written discovery to the best of its ability and supported the allegation set forth in its original complaint against the Defendants. Wilson Mutual's motion to compel Design Basics to provide full and complete answers to written discovery is denied.

Wilson Mutual has also requested reasonable expenses incurred in conjunction with its motion to compel. Rule 37 of the Federal Rules of Civil Procedure governs its request and generally requires that the Court award to the prevailing party reasonable attorney's fees incurred in filing or defending a motion to compel discovery, unless the motion was "substantially justified" or "other circumstances make an award of expenses unjust." *See* Fed. R. Civ. P. 37(a)(5)(A).

Here, Wilson Mutual has not prevailed on its motion to compel and is not entitled to an award of attorney fees. Design Basics, the prevailing party, has not requested costs and fees incurred in its defense of the motion to compel. Therefore, the Court will not grant costs and fees to either party.

**Duty to Supplement**

While Wilson Mutual's motion to compel in regard to Design Basics' original complaint has been denied, Design Basics' recently filed amended complaint adds

several more allegations of copyright infringement. Exhibit A to the amended complaint details these newly alleged copyright infringements. (Am. Compl. ¶15, Ex. A.) (ECF Nos. 52, 52-1.)

The Court reminds Design Basics of its duty under the Federal Rules of Civil Procedure to supplement its previous responses when so required by law. Rule 26 of the Federal Rules of Civil Procedure states that a party which has responded to a discovery request must supplement or correct its response if that party learns that the response is incomplete or incorrect and this additional or corrective information is unknown to the other parties. Fed. R. Civ. P. 26(e). Based on the amended complaint, Design Basics will need to supplement its responses to Wilson Mutual's previous discovery requests to the extent required.

## MOTION TO EXTEND TIME FOR RESPONDING TO WILSON MUTUAL'S MOTION FOR SUMMARY JUDGMENT

The Defendants move, pursuant to Rules 6(b) and 56(d) of the Federal Rules of Civil Procedure, for an order extending the time to respond to Wilson Mutual's motion for summary judgment. For the following reasons, the Court will allow the Defendants a limited extension.

Wilson Mutual provides liability insurance coverage for damages arising from the Defendants' advertising. (Mem. Supp. Wilson Mutual's Mot. Summ. J. 2.) (ECF No. 42.) On April 1, 2014, Wilson Mutual filed a motion for summary and declaratory judgment against the Defendants, arguing that Design Basics' damages did not arise

from the Defendants' advertisements and, therefore, Wilson Mutual has no duty to defend or indemnify the Defendants in this action. (Wilson Mutual's Mot. Summ. J. 1.) (ECF No. 41.)

The Defendants filed a Rule 56(d) motion to extend time for their response. (ECF No. 46.) The Defendants argue that Design Basics is still sorting through the hard drive containing the Defendants' inventory of home plans, and that they should have the opportunity to withhold their response to Wilson Mutual's motion for summary judgment until after Design Basics has specifically identified all of the Defendants' home plans that allegedly infringe its copyright. The Defendants state that they cannot currently determine whether any of the as yet unidentified plans were advertised and therefore triggered coverage under any of Wilson Mutual's policies, so they cannot fairly respond to the summary judgment motion. (*Id*. at 3.)

Rule 56 of the Federal Rules of Civil Procedure provides that:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery or; (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). Courts should construe Rule 56(d) liberally to prevent a premature grant of summary judgment. *King v. Cooke*, 26 F.3d 720, 726 (7th Cir. 1994).

Because Wilson Mutual's motion for summary judgment is centered on its potential duty to defend and indemnify, unique considerations must be taken into

account in deciding the Defendants' motion for an extension. Disputes regarding coverage typically can be determined by comparing the policy's provisions to the underlying complaint. "An insurer's duty to defend its insured is determined by comparing the allegations of the complaint to the terms of the insurance policy." *Estate of Sustache v. Am. Family Mut. Ins. Co.*, 311 Wis. 2d 548, 560, 751 N.W.2d 845, 850 (Wis. 2008). The duty to defend "is triggered by the allegations contained within the four corners for the complaint." *Id.* As such, issues of coverage can typically be resolved through summary judgment motions. *See Ehlers v. Johnson*, 164 Wis. 2d 560, 563, 476 N.W.2d 291, 293 (Wis. Ct. Ap. 1991).

The duty to defend is determined by the complaint and not by extrinsic evidence. *Grube v. Daun*, 173 Wis. 2d 30, 72, 496 N.W.2d 106, 121 (Wis. Ct. App. 1992). "If there are allegations in the complaint which, if proven, would be covered, the insurer has a duty to defend." *Id.* "When the insurer asserts that the coverage question can be resolved on summary judgment, as here, the insured is obliged to come forward with evidence that the disputed claims actually have sufficient merit that they continue to require the insurer to defend the action." *Beerntsen v. Beerntsen's Confectionary, Inc.*, No. 11-C-151, 2011 WL 6189500, at *2 (E.D. Wis. Dec. 13, 2011).

The fact that Design Basics has filed an amended complaint, which supersedes the original complaint, *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998), has essentially given the Defendants the

extension they seek.  Absent any action by Wilson Mutual, the Defendants must still respond to its summary judgment motion, and it is now the allegations made in the amended complaint that may trigger Wilson Mutual's duty to defend.  Due to the newly amended complaint, the time for the Defendants to respond will be extended slightly.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Wilson Mutual's motion to compel Design Basics' complete responses to Wilson Mutual's written discovery (ECF No. 32) is **DENIED**;

The Defendants' motion to extend the time to respond to Wilson Mutual's motion for summary judgment (ECF No. 46) is **GRANTED**; and

The Defendants must file their response **on or before August 29, 2014.**

Dated at Milwaukee, Wisconsin, this 29th day of July, 2014.

                                        **BY THE COURT:**

                                        _____
                                        **HON. RUDOLPH T. RANDA**
                                        **U.S. District Judge**