## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

DESIGN BASICS LLC,

       Plaintiff,

       **v.**                     **Case No. 13-C-560**

CAMPBELLSPORT BUILDING SUPPLY, INC.,
BERLIN BUILDING SUPPLY, INC.,
KIEL BUILDING SUPPLY, INC.,
DREXEL, INC.,
DREXEL BUILDING SUPPLY, INC.,
JOEL M. FLEISCHMAN, and
ALBERT J. FLEISCHMAN,

       Defendants / Cross-Claim Defendants,

**and**

WILSON MUTUAL INSURANCE COMPANY,

       Intervenor Defendant/Counterclaimant/Cross-Claimant.

## DECISION AND ORDER

This matter is before the Court on the Defendants' motions for a protective order and to enlarge the defense expert disclosure date (ECF Nos. 58, 76). Also addressed are the objections of non-party Frank Adashun ("Adashun") individually and his company, Signature Homes by Adashun Jones, Inc. ("Signature Homes") (collectively "Signature"), to

Design Basics' third-party subpoena addressed to them.  (ECF No. 67.)

## Motion to Extend

The time for filing any response to the Defendants' motion to extend the defense disclosure date has passed, and none has been filed.  The Defendants have established good cause for the modification of the scheduling order deadline for the disclosure of the defense experts' reports. (ECF No. 20.)  Such disclosure must be made within 21 calendar days from the Defendants' receipt of the construction drawings for the allegedly infringing plans.

This modification also requires an extension of the deadline for rebuttal expert reports.  Such disclosure must be made within 21 calendar days from Design Basics LLC's ("Design Basics") receipt of the Defendants' expert reports.  The balance of the scheduling order remains in full force and effect.

## Defendants' Motion for Protective Order

The Defendants seek a protective order declaring that all discovery relating to the Defendants' alleged copyright infringements must be limited to alleged infringements occurring from May 2010 onwards, based on the Defendants' intent to file a motion for judgment on the pleadings

within 30 days.[1]  The Defendants also seek rulings that certain discovery

not be had because the discovery requests are irrelevant, unduly

burdensome and intrusive, and improperly designed to "fish" for additional

claims against not only the Defendants, but other non-parties.  By

affidavit, Defendant Joel Fleischman estimates that it will take 10 hours

per alleged infringing plan to fully respond to Design Basics' discovery

requests, and it will take the entity defendants four months to respond to

the discovery requests.  (ECF No. 61.)  The Defendants' motion also

challenges third-party subpoenas issued pursuant to Fed. R. Civ. P. 45.

## Meet and Confer Requirements

The Defendants' discovery motion does not reflect compliance with

the meet and confer requirements.  Simply asking a party whether they

would agree to limit discovery does *not* constitute a sincere effort to

resolve a discovery dispute.  A request by email followed by a reminder to

respond, *see* Buttchen Aff., Ex. B (ECF Nos. 60, 60-2), does not reflect any

meaningful attempt by the movant to resolve the dispute.  Moreover, there

is no indication of any discussion regarding the third-party subpoenas.

The motion could be denied outright based on non-compliance with such

---

[1] The motion has since been filed.  (ECF No. 73.)  Two summary judgment motions are also pending.  (ECF Nos. 41, 62.)  On November 4, 2014, the Defendants also filed a motion to compel. (ECF No. 82.)  The latter is not ready for decision; that motion and the other pending motions will be addressed subsequently.

requirements.  The Defendants are admonished to genuinely comply with

the spirt of the meet and confer requirements of Rule 26 and this District's

Civ. L. R. 37.  The Court will consider imposing monetary sanctions to the

failure to comply with those requirements in this action.  However, at this

juncture the Court declines to award fees to Design Basics as it requests.

### Discovery Requests Addressed to Defendants

The Defendants contend that all discovery relating to their alleged

copyright infringements should be limited to alleged infringements

occurring from May 2010 onwards.  Such contention is inconsistent with

the case law of this Circuit holding that copyright infringement claims

accrue as soon as a plaintiff learns, or should as a reasonable person have

learned, that a defendant violated his copyright.  *See Gaiman v.*

*McFarlane,* 360 F.3d 644, 653 (7th Cir. 2004).  Thus, the Defendants have

not met their burden of showing that the discovery is overly broad, unduly

burdensome, or not relevant.  *See Teed v. JT Packard & Assocs., Inc.,* No.

10-MISC-23, 2010 WL 2925902, *2 (E.D. Wis. July 20, 2010).

The Defendants also specifically object to interrogatories two and

four of the second set of interrogatories directed to the entity defendants

which state:

INTERROGATORY  NO.  2:  Please  identify  all

entities for which Defendant had any partnership, joint venture or other business relationship since January 1, 1994 regarding the design and construction of residential homes.

INTERROGATORY NO. 4: Provide the name and approximate location of each and every subdivision where you have constructed one or more houses since January 1, 1994.

(ECF No. 60-1.) The requests fall within the scope of discovery because they are relevant to Design Basic's copyright infringement claims and are reasonably calculated to lead to the discovery of admissible evidence. *See N.W. Mem'l Hosp. v. Ashcroft,* 362 F.3d 923, 930 (7th Cir. 2004). However, given the estimated time it will take the Defendants to respond, the Defendants have met their burden of establishing that the requests are overly burdensome. Therefore, the Court will reduce the 20-year time period for which Design Basics seeks discovery to the period since January 1, 2001—the same time frame for which Design Basics seeks materials by means of request number one of its third-party subpoenas.

### Third-Party Subpoenas—Defendants

Relying on Rule 26(c), which provides for protective orders for various reasons including embarrassment, the Defendants assert they have standing to object to the 22 third-party subpoenas contending that Design Basics' subpoenas are causing them embarrassment and hardship because

several builders have contacted them and been outraged about the invasion of their confidential business documents and the time it will take to comply with the subpoenas. The Defendants assert that the builders should not be required to respond to requests numbers three through five.

Rule 45 contains provisions to protect the recipient of a subpoena from undue burden or expense, invasion of a privilege, or disclosure of protected material. *U.S. S.E.C. v. Hyatt,* 621 F.3d 687, 694 (7th Cir. 2010) (citing Fed. R. Civ. P. 45(c)).[2] A motion to quash or modify a subpoena may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena. *See* 9A Charles Alan Wright et al., *Federal Practice and Procedure* § 2459, at 435 (3d ed. 2008); *Teed,* 2010 WL 2925902, at *2 (citing *Minn. Sch. Boards Ass'n Ins. Trust v. Employers Ins. Co. of Wausau,* 183 F.R.D. 627, 629 (N.D. Ill. 1999); *Smith v. Midland Brake, Inc.,* 162 F.R.D. 683, 685 (D. Kan. 1995)). *See also, Malibu Media, LLC v. Doe,* No. 13-C-536, 2013 WL 5276081, at *1 (E.D. Wis. Sept. 17, 2013) (noting there is a division of authority among district courts regarding whether a party has standing to

---

[2] The 2013 amendments to Rule 45 resulted in the relocation of the contents of former subdivision (c) to subdivision (d). *See* Rule 45 Advisory Comm. Notes, 2013 Amend. Subdivision (d).

quash a subpoena issued to a non-party internet service provider and citing *reFX Audio Software, Inc. v. Does 1–11*, No. 13 C 975, 2013 WL 3867656, at *1 (N.D. Ill. July 23, 2013)). The Defendants have not shown either a personal right or a privilege in the subpoenaed information.

The Defendants' argument based on Rule 26(c) is not accompanied by any case citation. However, the Court's research has disclosed a non-binding opinion in *Breaking Glass Pictures, LLC v. Does 1-15,* No. 13-CV-275-WMC, 2013 WL 4084749, at *1 (W.D. Wis. Aug. 13, 2013) construing a party's objection to a third-party subpoena as a Rule 26(c) motion for protective order, which is available "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," Fed. R. Civ. P. 26(c), and granting the motion to protect the party's identity. Unfettered, such construction could eliminate the requirement of standing to quash a subpoena.

Nonetheless, Rule 45(c) (now (d)) is not intended to "diminish rights conferred by Rules 26-37." *See* Rule 45 Advisory Comm. Notes, 1987 Amend. Subdivision (c). To the extent the Defendants are embarrassed by the subpoenas issued to the builders, Design Basics' interest in protecting its copyrighted design plans outweighs that embarrassment. Therefore, as to the third-party subpoenas, the Defendants' motion for a protective order is denied.

## Third-Party Subpoenas—Signature

Construed as a motion to quash, Signature opposes request number one of the third-party subpoena because it requires production of materials dating from 2001, and Design Basics has previously inspected and copied Signature Homes' plans. If Signature Homes has previously produced plans, the duplicative subpoena request would subject it to undue burden and is quashed. However, to the extent that there are any subject plans that Signature has not provided to Design Basics, they must do so promptly.

Signature also opposes request numbers three through five because they are unlimited with respect to time. Requests numbers three through five of the third-party subpoenas state:

> 3. All documents related to and/or concerning Design Basics, including but not limited to DB house plans, elevations, and/or books or web pages displaying DB house plans or elevations in your possession or constructive possession. The subpoenaed documents also include but are not limited to any and all order forms, receipts, licenses, and/or downloads of anything whatsoever from the DB website, and/or from any third party marketer of DB's house plans;
>
> 4. All books of house plans from any source or publisher in your possession or constructive possession; and
>
> 5. All advertising and/or marketing materials that

> used or incorporated all or a portion of DB's house
> plans and/or elevations, or derivatives thereof.

(ECF No. 60-3.) Request number four is beyond the scope of this lawsuit, and any books with Design Basics' house plans should be produced in response to request number three. Therefore, request number four is quashed. Additionally, absent some limitation as to time frame, requests three and five are overbroad and are modified to relate to materials since 2001.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The Defendants' motion to extend the deadline for expert reports (ECF No. 76) is **GRANTED**;

The scheduling order (ECF No. 20) is **MODIFIED** as follows:

(1) The disclosure of defense expert reports to Design Basics must be made within 21 calendar days from the Defendants' receipt of the construction drawings for the allegedly infringing plans;

(2) The disclosure of rebuttal expert reports must be made within 21 calendar days from the receipt of the Defendants' expert reports.

All other provisions of the September 25, 2013, scheduling order remain in full force and effect.

The Defendants' motion for a protective order (ECF No. 58) is **GRANTED** to the extent that interrogatories numbers two and four of Design Basics' second set of interrogatories directed to the entity defendants are **narrowed** to cover the period since January 1, 2001, and **DENIED IN ALL OTHER RESPECTS**; and

Signature's motion to quash the third-party subpoena (ECF No. 67) is **GRANTED** with respect to request one for plans which were previously produced and request number four, and with respect to requests three and five which are **narrowed** to materials since January 2001 and **DENIED IN ALL OTHER RESPECTS**.

Dated at Milwaukee, Wisconsin, this 10th day of November, 2014.

            **BY THE COURT:**

            **HON. RUDOLPH T. RANDA**
            **U.S. District Judge**