# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DESIGN BASICS LLC,**

       Plaintiff,

    -vs-                                                      Case No. 13-C-560

**CAMPBELLSPORT BUILDING SUPPLY INC.,**
**BERLIN BUILDING SUPPLY INC.,**
**KIEL BUILDING SUPPLY INC.,**
**DREXEL INC.,**
**DREXEL BUILDING SUPPLY INC.,**
**JOEL M. FLEISCHMAN**
**also known as**
**JOEL C. FLEISCHMAN, and**
**ALBERT J. FLEISCHMAN,**

       Defendants and Counterclaim-Defendants,

and

**WILSON MUTUAL INSURANCE COMPANY,**

       Intervenor Defendant and Counterclaimant.

## DECISION AND ORDER

On April 10, 2015, the Court issued a Decision and Order which, as relevant hereto, denied the Defendants' motion for judgment on the pleadings seeking dismissal of some of Plaintiff Design Basics LLC's ("Design Basics") copyright infringement claims as barred by the 3-year statute of limitations contained in 17 U.S.C. § 507(b). *See Design Basics LLC v. Campbellsport Bldg.*

*Supply Inc.,* No. 13-CV-560, 2015 WL 1609144, *15-18 (E.D. Wis. Apr. 10, 2015). Pursuant to 28 U.S.C. § 1292, the Defendants request certification of that determination for interlocutory appeal.

Section 1292 "permits an appeal only if the district judge finds, 'in writing,' that the 'order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Metrou v. M.A. Mortenson Co.,* 781 F.3d 357, 359 (7th Cir. 2015); *see also Ahrenholz v. Bd. of Trustees of Univ. of Ill.,* 219 F.3d 674, 675 (7th Cir. 2000) ("There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation. There is also a nonstatutory requirement: the petition must be filed in the district court within a reasonable time after the order sought to be appealed."). "Unless all these criteria are satisfied, the district court may not and should not certify its order." *Ahrenholz,* 219 F.3d at 675. Section 1292(b) "must be used sparingly lest interlocutory review increase the time and expense required for litigation." *Asher v. Baxter Int'l Inc.,* 505 F.3d 736, 741 (7th Cir. 2007).

Although the parties do not address the question of timeliness, the Defendants' April 21 certification motion was filed within a reasonable time

of the April 10 Decision and Order. *See Boim v. Quranic Literacy Inst. & Holy Land Found. for Relief & Dev.,* 291 F.3d 1000, 1008 (7th Cir. 2002).

With respect to the statutory criteria, "question of law" as used in section 1292(b) refers "to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *See Ahrenholz,* 219 F.3d at 676. In other words, the issue must be an abstract legal issue. *Id.* at 677. The issue of whether the discovery rule applies to the copyright infringement statute of limitations is a question of law.

The cases do not interpret the term "controlling" literally. *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.,* 86 F.3d 656, 659 (7th Cir. 1996). "A question of law may be deemed 'controlling' if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Id.* (citations omitted). Since Design Basics contends that the Defendants' removal of its copyright information from the plans provides a basis for equitable tolling of the statute of limitations, it is not "quite likely" that the discovery rule issue will influence the course of this litigation. The discovery rule issue may be mooted.

Additionally, there is not a *substantial* ground for a difference of opinion. Seventh Circuit case law applies the "discovery rule," which tolls the accrual date for the copyright statute of limitations until "the plaintiff learns, or should as a reasonable person have learned, that the defendant was

- 3 -

violating his rights." (*Id*. at *17 (citing *Gaiman v. McFarlane,* 360 F.3d 644, 653 (7th Cir. 2004)(citing *Taylor v. Meirick,* 712 F.2d 1112, 1117 (7th Cir. 1983)).) Although the Defendants suggest that the Seventh Circuit might be willing to overturn controlling precedent based on *Petrella v. Metro-Goldwyn-Mayer, Inc.,* 134 S.Ct. 1962, 1969 (2014), which states "[a] copyright claim . . . arises or 'accrue[s]' when an infringing act occurs," that possibility is not enough to show a "substantial ground for difference of opinion" on a controlling issue of law.

Furthermore, the equitable tolling issue casts doubt about whether the resolution of the discovery rule issue would speed up the case. Based on the foregoing, the Defendants have not met their burden of establishing that the issue should be certified for interlocutory appeal and, therefore, their motion is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The Defendants' motion for certification for interlocutory appeal (ECF No. 101) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 19th day of June, 2015.

**BY THE COURT:**

*[signature]*

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

- 4 -