# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DESIGN BASICS LLC,**

      Plaintiff,

-vs-                                          Case No. 13-C-560

**CAMPBELLSPORT BUILDING SUPPLY INC.,**
**BERLIN BUILDING SUPPLY INC.,**
**KIEL BUILDING SUPPLY INC.,**
**DREXEL INC.,**
**DREXEL BUILDING SUPPLY INC.,**
**JOEL M. FLEISCHMAN**
**also known as**
**JOEL C. FLEISCHMAN, and**
**ALBERT J. FLEISCHMAN,**

      Defendants and Counterclaim-Defendants,

and

**WILSON MUTUAL INSURANCE COMPANY,**

      Intervenor Defendant and Counterclaimant.

# DECISION AND ORDER

As directed by the Court's May 13, 2015, Decision and Order, Plaintiff Design Basics LLC ("Design Basics") filed a supplemental brief (ECF No. 112) providing a specific fact-based explanation regarding its claims that the 79 remaining documents sought by the Defendants' motion to compel (ECF No. 82) are protected by the work-product doctrine; that a

subset of the 79 are also protected by attorney-client privilege; and why it contends that it did not waive those protections by disclosing investigative reports and by naming investigators as potential lay witnesses. Attached to the supplemental memorandum are the 79 exhibits,[1] each comprised of the original document and a redacted version.

Responding to the Court's questions in the May Decision and Order, Design Basics indicates that it provided exhibits DB-Campbellsport 0274-A through 0274-C to the Defendants on April 30, 2015, (Supp. Br. 6), and that DB-Campbellsport 0623-A will be produced to the Defendants (Supp. Br. 55). Furthermore, Design Basics states that it does not claim any protection for the last two sentences of exhibit DB-Campbellsport 0432, a February 22, 2013, email from Chuck Martell ("Martell") to investigator John C. White ("White"), and that information was included in the documents provided to the Defendants. (Supp. Br. 39-40.) These responses are adequate.

However, Design Basics apparently overlooked the June 5 filing deadline for redacted versions of its original and supplemental memorandums (ECF Nos. 106, 112). The Court will extend the time for

---

[1] The exhibits are not 79 completely different documents; a number of them are email strings that incorporate the original email message and are assigned a new exhibit number as each subsequent message is added.

Design Basics to file redacted versions of them or to file a factual statement indicating why they cannot be redacted.

The *in camera* review is complete, and for the following reasons the remaining portions of the Defendants' motion to compel are denied. Design Basics has established that all 79 of the documents are protected by the work product privilege and that it has not waived that privilege.

Of the subset for which Design Basics also asserts attorney-client privilege, it has not met its burden of establishing that the privilege protects five of the documents and a portion of a sixth. However, because those documents are otherwise protected, they are not subject to production. Furthermore, as to the balance of the subset that is protected by the attorney-client privilege, Design Basics has not waived that privilege.

## Work Product

Based on its review of the 79 documents, the Court concludes that the work product doctrine applies to each. Although the work product privilege was developed to protect the work of an attorney prepared in anticipation of litigation, *Binks Mfg. Co. v. Nat'l Presto Indus., Inc.*, 709 F.2d 1109, 1118 (7th Cir. 1983), its protection has been extended to the work of both lawyers and nonlawyers. *See* Fed. R. Civ. P. 26(b)(3)'s 1970

- 3 -

advisory committee's note ("[T]he weight of authority affords protection of the preparatory work of both lawyers and nonlawyers . . . ."). *See also, Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 977 (7th Cir. 1996).

Design Basics has established that each of the documents was prepared in anticipation of litigation for "another party or its representative (including the other party's attorney . . . or agent)." *See* Fed. R. Civ. P. 26(b)(3)(A). "[I]n light of the factual context '[each] document can fairly be said to have been prepared or obtained because of the prospect of litigation.'" *Logan,* 96 F.3d at 976-77 (citation omitted) (upholding work product protection of investigation report created by insurance company in anticipation of litigation). Therefore, each of the 79 documents is subject to work product protection.

### Attorney-Client Privilege

Despite the foregoing, the Court addresses Design Basics' assertion that the attorney-client privilege shields from production documents designated as exhibits 2, 3, 6, 8-11, 17, 22, 25, 27, 38, 39, 41, 42, 44, 46-55, and 60-63. The attorney-client privilege protects communications made in confidence by a client and a client's employees to an attorney, acting as an attorney, for the purpose of obtaining legal advice. *Sandra T.E. v. S. Berwyn Sch. Dist. 100,* 600 F.3d 612, 618 (7th Cir. 2010). The analysis is

"(1) whether 'legal advice of any kind [was] sought . . . from a professional legal adviser in his capacity as such'; and (2) whether the communication was 'relat[ed] to that purpose' and 'made in confidence . . . by the client.'" *Id.* (citation omitted). "[T]he attorney-client privilege protects not only the attorney-client relationship in imminent or ongoing litigation but also the broader attorney-client relationship outside the litigation context." *Id.* at 621.

The party asserting the privilege has the burden of demonstrating that it applies. *Valero Energy Corp. v. United States,* 569 F.3d 626, 630 (7th Cir. 2009). The attorney-client privilege "is in derogation of the search for the truth and, therefore, must be strictly confined." *In re Grand Jury Proceedings*, 220 F.3d 568, 571 (7th Cir. 2000). The analysis is "highly fact specific," requiring a "document-by-document" review and a consideration of the "'totality of the circumstances.'" *Id.* at 571 (citation omitted).

"Confidential communications by non-lawyers . . . for the purpose of assisting the lawyers to provide legal advice are also protected by the attorney-client privilege." *Schlicksup v. Caterpillar, Inc.*, No. 09-CV-1208, 2011 WL 4007670, at *2 (C.D. Ill. Sept. 9, 2011) (regarding an accounting firm, citing *United States v. Kovel*, 296 F.2d 918, 922 (2d Cir. 1961) (accountant's assistance was protected by the attorney-client privilege

- 5 -

where it enabled "effective consultation between the client and the lawyer")). *See also United States v. McPartlin*, 595 F.2d 1321, 1337 (7th Cir. 1979) (regarding investigators: "It has never been questioned that the privilege protects communications to the attorney's . . . agents . . . for rendering his services." (quoting 8 Wigmore, *Evidence* § 2301, 583 (McNaughton rev. 1961).)).

"[W]hat is vital to the privilege is that the communication be made *in confidence* for the purpose of obtaining *legal* advice *from the lawyer*. If what is sought is not legal advice but only accounting service . . . or if the advice sought is the accountant's rather than the lawyer's, no privilege exists." *In re Grand Jury Proceedings*, 220 F.3d at 571 (citations omitted). Thus, the attorney-client privilege applies if a consultant's communications were "necessary, or at least highly useful, for the effective consultation between the client and the lawyer." *Schlicksup*, 2011 WL 4007670, at *2 (citations omitted).

Exhibits 17, 42, and 63 involve communications from Design Basics' attorney, who provided legal advice for Design Basics and oversaw the investigators acting at his direction on behalf of Design Basics. Exhibits 2, 3, 6, 8-11, 22, 25, 27, 38, and page one of exhibit 63 involve communications between Martell and the attorney. Exhibits 41, 44, and

- 6 -

46 are communications between the attorney and Martell and one or more of the subcontracted investigators. Exhibits 39 and 47-55 contain communications between Martell and one or more of the subcontracted investigators. Design Basics has established that the foregoing exhibits fall within with scope of the attorney-client privilege.

Design Basics' description of exhibits 60-62 and page three of exhibit 63 does not mention that a portion of the material claimed to be covered by the attorney-client privilege includes a response by investigator White to Kiel store leader Steve Theilman's ("Thielman") suspicion that White was a secret shopper. This exchange was part of White's investigation on behalf of Design Basics; however, it was not confidential because it was sent to Thielman – an employee or agent of the Defendants. Therefore, Design Basics has not met its burden of establishing that exhibits 60-62 and page three of exhibit 63 are protected by the attorney-client privilege.

Also not mentioned or explained by Design Basics is the fact that mth@hmclaw.com was copied on the emails in exhibits 3 and 10, and Linda Schreckenbach was copied on the email included in exhibits 6 and 10. An internet search for hmcclaw.com indicates that it is the website of Hopkins McCarthy, an intellectual property and litigation law firm. Schreckenbach worked as a paralegal at the LeJune law firm (counsel for Design Basics in

this action) from July 2004 until August 2014.[2] It is reasonable to infer that Schreckenbach was part of the legal team representing Design Basics. However, absent an explanation regarding the link of Hopkins McCarthy to this litigation, Design Basics has not established that exhibits 3 and 10 are protected by the attorney-client privilege in addition to being protected by the work-product doctrine.

## Waiver

In the brief (ECF No. 83) supporting their motion to compel, the Defendants rely on Fed. R. Evid. 502 in asserting that Design Basics' waiver of the attorney-client privilege or the work product doctrine as to certain materials or information extends to other, undisclosed materials or information. (Br. Defs' Mot. Compel, 9-14.) Design Basics counters that it produced the investigators' reports to disclose all factual information known to them and to advance settlement negotiations, and it did not give any indication that this action would act as a waiver of privilege. (Resp. Mot. Compel 12.) (ECF No. 87.) Design Basics also states that upon request from the Defendants, they will be provided with any factual information regarding what the investigators heard and said. (*Id.* at 11.)

---

[2] *See* www.intelius.com/Find-Phone-Address/Houston-TX/Linda-Schreckenbach.html and www.linkedin.com/pub/linda-schreckenbach/9/46a/599 (both last visited July 14, 2014.)

Rule 502 governs such situations where a party unfairly discloses only a portion of privileged material. *Appleton Papers, Inc. v. E.P.A.*, 702 F.3d 1018, 1026 (7th Cir. 2012). This Rule "abolishe[d] the dreaded subject-matter waiver, i.e., that any disclosure of privileged matter worked a forfeiture of any other privileged information that pertained to the same subject matter." *Id.* (citation omitted). Instead, waiver occurs only (1) when disclosure is intentional, (2) the disclosed and undisclosed material concern the same subject matter, and (3) fairness requires considering the material together. Fed. R. Evid. 502(a). Determining whether the undisclosed material ought to be considered with the disclosed material requires a case-specific analysis of the subject matter and adversaries. *Id.* (citing Fed. R. Evid. 502 Advisory Comm. Notes.)

Design Basics disclosed the investigator reports by relying on them to support its arguments on a discovery motion; however, they were factual reports and were not considered privileged. Design Basics has not intentionally disclosed any communications or documents containing the attorneys' thoughts, investigations, or materials prepared in anticipation of litigation or trial. Design Basics has not waived its work product immunity. *See id.* at 1024-25. Furthermore, the investigators have only been named as witnesses who *may* testify at trial. Based on the foregoing,

- 9 -

Case 2:13-cv-00560-WCG   Filed 09/02/15   Page 9 of 10   Document 114

the Defendants' motion to compel is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The remaining portions of the Defendants' motion to compel (ECF No. 82) are **DENIED**;

**On or before September 14, 2015**, Design Basics must file redacted versions of its original and supplemental memorandums regarding the motion to compel (ECF Nos. 106, 112) or a factual statement indicating why they cannot be redacted.

Dated at Milwaukee, Wisconsin, this 2nd day of September, 2015.

**BY THE COURT:**

*/s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**