# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

DESIGN BASICS, LLC,

        Plaintiff,

v.

                                                  Case No. 13-C-560

DREXEL BUILDING SUPPLY, INC., et al.,

        Defendants.

## DECISION AND ORDER ON RECONSIDERATION

Before me presently is Plaintiff Design Basics' motion for reconsideration of two rulings contained within this Court's October 4, 2016 decision. Design Basics first takes issue with this court's conclusion that Dr. Robert Greenstreet, an expert in architecture, should be permitted to testify in the limited capacity set forth in the court's decision. In determining whether the Defendants' designs are substantially similar to the Plaintiff's copyrighted material, the jury must answer two questions. The first question is whether the Defendants copied the Plaintiff's designs. If the answer is "yes," then the second question asks whether the material that was copied was protected. I concluded that although expert testimony could not speak to this second issue (which is sometimes called "improper appropriation"), such testimony could conceivably aid the jury in answering the more basic question of whether the Defendants actually copied the Plaintiff's designs. (ECF No. 242 at 3-4.)

To prevail on a motion for reconsideration under Rule 59, the movant must present either newly discovered evidence or establish a manifest error of law or fact. *LB Credit Corp. v.*

*Resolution Trust Corp.,* 49 F.3d 1263, 1267 (7th Cir.1995). A "manifest error" is not demonstrated by the disappointment of the losing party. It is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted).

Design Basics believes this court misapprehended controlling precedent by allowing "dissection"—a disfavored approach to determining infringement—when in fact the analysis should follow the simpler, ordinary observer test, which is a fact-based jury question. Although these are close questions, Design Basics has not persuaded me that there is a "right" answer that must apply across the board in copyright cases like this, much less that a manifest error of law was committed. *Id.* What the cases demonstrate (as set forth in the court's original opinion) is that there is no bright-line rule either forbidding or requiring expert testimony in cases like this. Because there is clearly no bright line rule in these cases, it is up to each district judge to determine whether to allow expert testimony and how to cabin that testimony so that it does not stray into questions that are the sole province of the jury. Here, my decision was clear to indicate that the expert may not testify about whether the Defendants copied *protected* material, because that question relies on the ordinary observer test. But that does not preclude an expert from testifying about the question of copying more generally. As one court in this circuit has observed: "the so-called extrinsic test[] permits a plaintiff to prove copying by showing, through analytic dissection and (if necessary) expert testimony, that the similarities between the two works—when viewed in terms of their protectible and nonprotectible elements—are so substantial as to warrant a finding that the defendant usurped, at least, the plaintiff's ideas." *Stillman v. Leo Burnett Co.,* 720 F. Supp. 1353, 1358-59 (N. D. Ill. 1989).

2

More concretely, an expert in a case like this may identify design ideas that are common to many homes or styles: bathrooms placed near bedrooms, or dining rooms next to kitchens, the essence of colonial or craftsman styles, and the like. These are the "scenes a faire" of architecture—the kinds of must-haves, or standard features, that are the architectural equivalent to a villain in a tragedy, a maze in a video game, or a sand trap on a golf course. *Incredible Techs., Inc. v. Virtual Techs., Inc.,* 400 F.3d 1007, 1015 (7th Cir. 2005). From that, the jury may infer that the Defendants' designs, which incorporate such features, were not copies of the Plaintiff's but merely an expression of the scenes a faire, i.e., the required and expected elements of home architecture. It is true that some of this testimony may, of necessity, also touch on the question of whether the Defendants copied *protected* material, but that does not render the testimony irrelevant or prejudicial. In fact, Judge Stadtmueller has already relied on the testimony of Dr. Greenstreet, who provided expert opinions in *Design Basics LLC v. J & V Roberts Investments, Inc.,* 130 F.Supp.3d 1266 (E. D. Wis. 2015), and there is no indication in that opinion that anyone believed the testimony was categorically improper. Here, the Plaintiff may object if it believes Dr. Greenstreet's testimony has exceeded the scope of what is permissible.

It would be a different question if the Defendants had conceded that they copied the Plaintiff's work. Had they made such a concession, the Plaintiff would be correct that expert testimony is irrelevant, because then the only remaining question would be whether the Defendants wrongfully appropriated the Plaintiff's protected material. *Nash v. CBS, Inc.,* 704 F.Supp. 823, 826 (N.D. Ill. 1989). Here, however, to the extent copying is at issue, an expert may testify about that more basic question to assist the jury in determining whether the Defendants copied the Plaintiff's work or instead simply relied on necessary and common elements of style and design. Accordingly,

the motion for reconsideration will be denied.

The Plaintiff also moves for reconsideration on the question of whether it may recover profits attributable to infringements occurring prior to 2007. Design Basics notes that because the burden of proof is merely a preponderance of evidence, it should be allowed to proceed even though there are no records of pre-2007 revenues. Although there are 108 alleged infringements for which there are no financial records, Design Basics may nevertheless demonstrate lost revenues with testimony elicited from the Defendants' employees and other sources. The Defendants protest that even with the testimony of Defendants' employees, a jury would not reasonably be able to extrapolate a lost revenues analysis for each of the 108 alleged infringements, which occurred a decade ago or longer. In addition, they point out that the evidence we *do* have reveals a wide range of possible revenues — between $27,000 and $92,000 per home — which suggests there is no standard from which the jury could make a reasonable inference.

It remains true that the absence of records will hinder the Plaintiff's ability to persuade the jury that it is entitled to specific damage amounts. Even so, that is ultimately a factual question that a jury is qualified to resolve; in short, I am now satisfied that the absence of records speaks more to the weight to be given the evidence than its admissibility. Moreover, if the court ultimately concludes the jury's award is not sufficiently founded in the evidence, it may revisit the question upon motions after trial. The motion for reconsideration will therefore be granted on this point.

The motion for reconsideration is therefore **GRANTED** in part and **DENIED** in part, as set forth herein. **SO ORDERED** this 24th day of January, 2017.

/s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

4